UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                          Case No. 8:10-cv-2208-T-24-TGW

BRUCE EDWARD HENLEY, and
MARY ANNE NEMETH,

    Defendants.
_____

## **O R D E R**

This cause comes before the Court for consideration of an Application for Default Judgment filed by Plaintiff United States of America, pursuant to Rule 55 of the Federal Rules of Civil Procedure and Rule 1.07 of the Local Rules of the Middle District of Florida. (Doc. No. 13.)

**I.    The Complaint**

The United States filed a two-count Complaint for Fraudulent Transfer against Defendants Bruce Edward Henley and Mary Anne Nemeth. In this case, the United States seeks to set aside the fraudulent transfer of a parcel of real property from Defendants Nemeth and Henley to Defendant Nemeth.

The United States alleged the following in its Complaint: On or about November 23, 1998, Nemeth and Henley purchased a parcel of real property located at 1724 El Trinidad Drive East, Clearwater, Florida. On September 30, 2004, Special Agent Arthur M. Hayes of the Social Security Administration confronted Henley and advised him that he was under investigation for concealed work activity while receiving Social Security disability benefits. Four days later, on

October 4, 2004, Nemeth and Henley conveyed, by quit claim deed, all their right, title, interest, and claim in 1724 El Trinidad Drive East to Nemeth. However, Nemeth paid no consideration for this transfer of Henley's interest in the property.

On May 12, 2005, Henley was indicted on Social Security fraud and making false statements to the Social Security Administration. On August 3, 2005, he pled guilty to the charges against him. As a part of Henley's sentence, an order of restitution was entered against him and in favor of the United States in the amount of $90,137.90. The order of restitution represents a lien in favor of the United States pursuant to 18 U.S.C. § 3613. *See United States v. Henley*, Case No. 8:05-cr-203-T-30MSS.

On December 7, 2005, the United States filed a Notice of Lien against Henley in the Official Records of Pinellas County, Florida, with respect to the order of restitution. On March 10, 2009, the United States filed Notice of Lien against Nemeth, as nominee of Henley, in the Official Records of Pinellas County, Florida.

The order of restitution remains in effect. As of September 14, 2010, Henley has made payments in the amount of $22,710.98, leaving a balance due of $84,103.69, consisting of principal in the amount of $67,426.92 and interest in the amount of $16,676.77. Interest continues to accrue after September 14, 2010, at the rate of 4.340% per annum.

The United States asserted two counts against Henley and Nemeth. In Count One, the United States asserted a cause of action under 28 U.S.C. § 3304(b)(1)(A), alleging that Henley transferred his interest in 1724 El Trinidad Drive East to Nemeth with actual intent to hinder, delay, or defraud the United States. In Count Two, the United States asserted a cause of action under 28 U.S.C. § 3304(b)(1)(B), alleging that Henley transferred his interest in the property to

Nemeth without receiving a reasonably equivalent value in exchange. The United States further alleged that, when Henley transferred his interest, he believed or reasonably should have believed that he would incur debts beyond his ability to pay as they become due.

On October 26, 2010, both Henley and Nemeth waived service of a summons. Neither defendant is currently a member of the military service of the United States, an infant, or an incompetent person. To date, neither defendant has responded to the complaint.

When the defendants failed to respond to the complaint after being served, the Clerk entered a default against them, on February 7, 2011. (Doc. Nos. 9,10.)

## II.     Application for Default Judgment

The United States now moves for a default judgment against the defendants. When a defendant fails to plead or otherwise defend, the "defaulted defendant admits well-pleaded allegations of liability." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999) (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)). If "the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and . . . there is a substantive, sufficient basis in the pleadings for the particular relief sought," entry of default judgment is appropriate. *Tyco Fire & Sec. v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007).

Here, both of the defendants were defaulted for failure to plead or otherwise defend. To date, the defendants still have not responded to the Complaint. Accordingly, the well-plead factual allegations contained in the Complaint are deemed admitted. As to Count One, both of the defendants have admitted that the transfer of Henley's interest in the property was made with actual intent to hinder, delay, or defraud the United States, in violation of 18 U.S.C. §

3304(b)(1)(A).  As to Count Two, the defendants have admitted that Henley's interest in the property was transferred to Nemeth for no consideration whatsoever, at a time when he believed or reasonably should have believed that he would incur debt beyond his ability to pay, as a result of his fraudulent receipt of Social Security disability benefits.  Thus, they have admitted that the transfer was a constructive fraudulent transfer, pursuant to 18 U.S.C. § 3304(b)(1)(B).

### III. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that the United States of America's Application for Default Judgment (Doc. No. 13) is **GRANTED**.  The Clerk is directed to enter judgment in favor of Plaintiff United States of America, and against Defendants Bruce Edward Henley and Mary Anne Nemeth, such that:

(1) The October 4, 2004, conveyance of 1724 El Trinidad Drive East, Clearwater, Florida, more particularly described as :

> Lot 7, Block 2, VIRGINIA GROVE TERRACE SUBDIVISION, according to the map or plat thereof as recorded in Plat Book 37, Page 29, of the Public Records of Pinellas County, Florida,

by quit claim deed from Defendant Mary Anne Nemeth and Defendant Bruce Edward Henley to Defendant Mary Anne Nemeth is hereby declared fraudulent and void to the extent necessary to satisfy the United States of America's judgment in *United States v. Henley*, Case No.: 8:05-cr-203-T-30MSS; and

(2) The Notice of Lien, recorded on December 7, 2005, at Book 14786, Page 855, of the Official Records of Pinellas County, Florida is hereby declared a lien upon the property located at 1724 El Trinidad Drive East, Clearwater, Florida, to the extent of Defendant Bruce Edward Henley's interest therein.

The United States shall be entitled to receive the costs it incurred in bringing this action. As there are no remaining claims before the Court, the Clerk is directed to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 25th day of March, 2011.

SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record